IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Fred A. Colvin, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND; | ) ) ) ) |
| James Boland, Board of Trustees, on behalf of BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; | ) ) ) ) |
| William Solivais, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA HEALTH & WELFARE FUND; | ) ) ) ) ) |
| Paul Nysewander, Secretary of the Board of Trustees, on behalf of INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 4 OF IN & KY APPRENTICE FUND; | ) ) ) ) ) )   CASE NO. 2:16-cv-262 |
| James Boland, Board of Trustees, on behalf of INTERNATIONAL MASONRY INSTITUTE; and, | ) ) ) ) |
| BRICKLAYERS LOCAL 4 OF IN & KY, | ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| FIVE STAR FLOORING, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs **Fred A. Colvin, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND; James Boland, Board of Trustees, on behalf of BRICKLAYERS AND TROWEL TRADES**

**INTERNATIONAL PENSION FUND; William Solivais, Chairman of the Board of Trustees,** on behalf of **BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA HEALTH & WELFARE FUND; Paul Nysewander,** Secretary of the Board of Trustees, on behalf of **INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 4 OF IN & KY APPRENTICE FUND; James Boland,** Board of Trustees, on behalf of **INTERNATIONAL MASONRY INSTITUTE;** and, **BRICKLAYERS LOCAL 4 OF IN & KY,** by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, complain of Defendant **FIVE STAR FLOORING,** stating as follows:

## COUNT I

1. This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Fred A. Colvin, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND; James Boland, Board of Trustees, on behalf of BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND** ("IPF"); **William Solivais, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA HEALTH & WELFARE FUND; Paul Nysewander, Secretary of the Board of Trustees, on behalf of INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 4 OF IN & KY APPRENTICE FUND;** and, **James Boland, Board of Trustees, on behalf of INTERNATIONAL MASONRY INSTITUTE** ("IMI") (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **FIVE STAR FLOORING** ("Five Star") to the Plaintiffs Trust Funds. More specifically, Plaintiffs Trust

2

Funds seek an order directing Defendant Five Star to pay the delinquent contributions now known due for the period of January 1, 2013 through December 31, 2015 and file its monthly reporting forms for the period of January 1, 2016 through June 1, 2016 to Plaintiffs Trust Funds. Plaintiffs Trust Funds also seek an order directing Defendant Five Star to pay any liquidated damages and interest on the delinquent contributions, plus attorneys' fees and costs incurred by Plaintiffs as a result of being forced to bring this action.

2. Plaintiffs Trust Funds' Trustees are fiduciaries within the meaning of and subject to ERISA as said Trust Funds are employee benefit funds within the meaning of and subject to ERISA. The Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this judicial district, with the exception of the IPF and IMI which are administered in the District of Columbia, but which provide benefits for employees living in this judicial district.

3. At all times material herein, Defendant Five Star has employed employees within this judicial district.

4. At all times material herein, Defendant Five Star has been signatory to a collective bargaining agreement with Bricklayers Union Local No. 4 of IN & KY, and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust.

5. Defendant Five Star breached said Agreements identified in this Count and is in violation of Sections 502 and 515 of ERISA (and 29 U.S.C. § 185) by failing to pay all of its monthly contributions, interest and liquidated damages now known due for the period of January 1, 2013 through December 31, 2015 and January 1, 2016 through June 1, 2016 to Plaintiffs Trust Funds.

6. Despite Plaintiffs Trust Funds' request, Defendant Five Star has not paid the contractually and statutorily required payments.

7. In certain circumstances, one or more of Plaintiffs Trust Funds may have a continuing obligation to provide benefits to Defendant's employees regardless of whether Defendant Five Star submits its contribution payments.

8. Defendant Five Star's failure to make its required contributions to Plaintiffs Trust Funds jeopardizes the actuarial soundness and financial stability of the Funds.

9. Plaintiffs Trust Funds' participants (in addition to Defendant's employees) may be put at risk with respect to any and all of the benefits to which they would be entitled, but for Defendant Five Star's breach of its statutory and contractual obligations to make hourly contributions for all hours worked by its employees.

10. Plaintiffs Trust Funds will be required to incur the needless administrative costs of collection.

11. Defendant Five Star has shown persistent contempt for its statutory and contractual obligations as well as the entitlement and needs of its employees and the Funds' participants. It is likely that Defendant Five Star would have continued in its failure to pay the required contributions to Plaintiffs Trust Funds, and, absent an injunction, Plaintiffs Trust Funds' prospects for collecting the delinquent monies are decreased given a "non-injunction" situation where any collection action would require the filing of a new lawsuit with its corresponding time-period for a defendant to answer or otherwise plead.

12. Absent injunctive relief, Plaintiffs Trust Funds will be unable to ensure that the effected employees, and perhaps other participants of the Funds such as spouses and dependents, will be able to receive all of the benefits provided by the Funds. Further, without injunctive relief, other contributing employers may be encouraged to follow Defendant Five Star's illegal conduct and their participants in Plaintiffs Trust Funds may also be put at risk.

**13.** Issuance of an injunction will support the policy that employers who enter into collective bargaining agreements requiring them to contribute to employee benefit funds live up to their contractual and statutory obligations; furthermore, it will ensure the continued vitality of such employee fringe benefits funds and will ensure that the purposes for which ERISA, Sec. 29 U.S.C. §1001, et seq., were enacted will continue to be served.

**14.** Plaintiffs Trust Funds have satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132 (h).

WHEREFORE, Plaintiffs Trust Funds pray this Court order that:

**1.** Defendant Five Star pay its delinquent contributions, interest and liquidated damages now known due for the period of January 1, 2013 through December 31, 2015 and file its monthly reporting forms for the period of January 1, 2016 through June 1, 2016 to Plaintiffs Trust Funds;

**2.** Defendant Five Star pay statutory post-judgment interest on all principal contributions found due by this Order;

**3.** Defendant Five Star pay Plaintiffs Trust Funds' attorneys' fees and costs incurred herein;

**4.** Defendant Five Star shall be enjoined from future violations of its statutory and contractual obligations to Plaintiffs Trust Funds; and,

**5.** Such other and further relief that this Court may find just and proper be entered against Defendant Five Star.

## COUNT II

**1.** Plaintiff **BRICKLAYERS LOCAL 4 OF IN & KY** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for

employee members within this judicial district.

  **2.**  At all times material herein, Defendant **FIVE STAR FLOORING** ("Five Star") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

  **3.**  This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

  **4.**  At all times material herein, Defendant Five Star has been signatory to a collective bargaining agreement with the Union.  Included among the contractual obligations between the parties is the requirement that Defendant Five Star make payroll deductions to the Union.

  **5.**  Defendant Five Star is in breach of its contractual obligations to the Union by failing to pay the delinquent deductions, plus interest and liquidated damages now known due for the period of January 1, 2013 through December 31, 2015 and file its monthly reporting forms for the period of January 1, 2016 through June 1, 2016 to Plaintiffs Trust Funds.

  **6.**  Despite the Union's request, Defendant Five Star has failed to pay the monies identified in this Count.

  WHEREFORE, Plaintiff Union prays this Court order that:

  **1.**  Defendant Five Star pay the delinquent contributions, interest and liquidated damages now known due for the period of January 1, 2013 through December 31, 2015 and file its monthly reporting forms for the period of January 1, 2016 through June 1, 2016 to Plaintiffs Trust Funds;

  **2.**  Defendant Five Star pay statutory post-judgment interest on all principal deductions found due by this Order;

  **3.**  Defendant Five Star pay Plaintiff Union's attorneys' fees and costs incurred herein;

and,

4. Such other and further relief that this Court may find just and proper be entered against Defendant Five Star.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

By_____/s/ Paul T. Berkowitz_____
        **PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois  60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID #19025-49